**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 16, 2026

**By ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re: *A.O.C. v. Genalo et al.*, No. 26 Civ. 6433 (KPF)

Dear Judge Failla:

This Office represents the government in the above-referenced immigration habeas corpus action, brought by petitioner A.O.C. ("Petitioner"), a noncitizen challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). I write, respectfully, to: (1) notify the Court that the government does not oppose Petitioner's motion for reconsideration and/or to alter or amend the judgment under Rule 59(e), ECF No. 22; (2) to request a two-week extension, from September 16, 2026, to September 30, 2026, of the government's time to respond to Petitioner's motion to enforce, ECF No. 23; and (3) provide the Court with a copy of the transcript from Petitioner's August 25 bond hearing, which is attached hereto as Exhibit A.

As background, the petitioner filed this habeas petition on July 28, 2026. ECF No. 1. The government responded to the petition on August 4, 2026, ECF Nos. 10-12, petitioner filed a reply on August 10, 2026, ECF No. 14, and the government filed a sur-reply on August 17, 2026, ECF No. 15. The Court held a hearing on August 19, 2026, during which time it directed that within 14 days, an immigration judge must hold a bond hearing where the government would bear the burden of proving, by clear and convincing evidence, that petitioner is a danger to the community or flight risk. The Court also directed that, at the bond hearing, the immigration judge should consider alternatives to detention, and, in determining the amount of any bond imposed, the immigration judge should consider petitioner's ability to pay. The Court issued a written order the same day memorializing its ruling from the hearing. ECF No. 18. The Court's order further directed the government to file a letter, within 72 hours of the bond hearing, stating the outcome of the hearing, and to promptly order a transcript or recording of the hearing and file it on the docket. *Id.*

On August 25, 2026, the government notified the Court that earlier that day, the immigration judge had held a bond hearing for Petitioner and denied bond on the grounds that he is a danger to the community and a flight risk. ECF No. 20. The government also notified the Court that it had ordered a copy of the transcript from the hearing and would file as much. *Id.*

On September 2, 2026, Petitioner filed two motions. The first, styled as a motion for reconsideration and/or to alter or amend the judgment under Rule 59(e), requests that the Court

alter its order and the judgment in this case to reflect that the petition was granted in part. ECF No. 22. Specifically, Petitioner contends that because the court directed the government to provide Petitioner with a burden shifted bond hearing, which was relief that Petitioner sought in the alternative, the petition was granted in part, rather than denied as reflected in the order and judgment. The government does not object to the relief requested by this motion.

The second motion filed by Petitioner on September 2, 2026, styled as a motion to enforce, contends that the bond hearing held on August 25, 2026, did not comport with this Court's order or due process and that this Court should therefore order immediate release or otherwise hold its own bond hearing. ECF No. 23. Specifically, Petitioner contends that the immigration judge failed to hold the government to its burden of proof; the government's evidence was insufficient to sustain its burden of proof; the immigration judge failed to meaningfully consider alternatives to detention; and that immediate release is the appropriate remedy. *Id*. Petitioner attached a copy of the transcript from the August 25 hearing to his motion. ECF No. 23-1.

Pursuant to S.D.N.Y. Local Civil Rule 6.1, the government's deadline for responding to the motion to enforce is two weeks from the date the motion was filed, today, September 16, 2026. The government respectfully requests an additional two-weeks, until September 30, 2026, to file its response to Petitioner's motion to enforce. The reason for the requested extension is that the undersigned attorney was out of the country during the time when the motion was filed, was out of the office for a period of several days thereafter (around the Labor Day holiday), and has not yet been able to prepare a response to the motion on behalf of the government. This is the government's first request for an extension of its time to respond to Petitioner's motion to enforce. The government apologizes for making this same day extension request. Petitioner objects to the extension because of the ongoing harm to Petitioner, who is detained.

Finally, attached hereto is a copy of the transcript from Petitioner's August 25 bond hearing. The government notes that both this version of the transcript and that submitted by Petitioner are transcriptions of an audio recording of the conference. While there do not appear to be any significant substantive discrepancies between the transcripts, the government notes that they do differ in certain respects.

I thank the Court for its attention to this matter and consideration of the government's extension request.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ Tara Schwartz
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel. (212) 637-2633

cc: Counsel of Record (by ECF)

The Court is in receipt of Petitioner's Motion to Alter Judgment (Dkt. #22), Petitioner's Motion to Enforce Judgment (Dkt. #23), and the Government's Letter Motion for Extension of Time to Respond to Petitioner's Motion to Enforce (Dkt. #24).

The Court GRANTS the Government's Letter Motion for Extension of Time to Respond to Petitioner's Motion to Enforce. The Government's deadline to submit their opposition is hereby adjourned *nunc pro tunc* from on or before September 16, 2026, to on or before **September 30, 2026.** In light of Petitioner's ongoing detention, the Court does not anticipate granting additional extensions.

The Court GRANTS Petitioner's Motion to Alter Judgment. The Court will file an Amended Order under separate cover to reflect that the Court granted partial relief to Petitioner, namely, his requested burden-shifted bond hearing.

The Clerk of Court is directed to VACATE the Court's Order dated August 19, 2026 (Dkt. #18) and the Clerk's Judgment dated August 20, 2026 (Dkt. #19).

The Clerk of Court is further directed to file an Amended Judgment, stating: "That for the reasons stated in the Court's Amended Order dated September 17, 2026, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is GRANTED in part and DENIED in part as further set forth in the Court's Amended Order."

The Clerk of Court is further directed to terminate the motions at docket entries 22 and 24.

SO ORDERED.

Dated: September 17, 2026
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE