UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.O.C.,<br><br>Petitioner,<br><br>-v.-<br><br>KENNETH GENALO, *in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement*; PAUL ARTETA, *in his official capacity as Warden of the Orange County Correctional Facility*; DAVID J. VENTURELLA, *in his official capacity as Senior Official Performing the Duties of the Director of U.S. Immigrations and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*; and TODD BLANCHE, *in his official capacity as Attorney General*,<br><br>Respondents. | 26 Civ. 6433 (KPF)<br><br>**AMENDED ORDER** |

KATHERINE POLK FAILLA, District Judge:

For the reasons stated on the record at the August 19, 2026 conference, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is GRANTED in part and DENIED in part. The Court DENIES Petitioner's request for a writ of habeas corpus, and GRANTS Petitioner's alternative requested relief, requiring the Government to provide a burden-shifted bond hearing.

The Court ORDERS that, **within fourteen days of the original date of this Amended Order (August 19, 2026)**, an Immigration Judge shall hold a bond hearing where the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or flight

risk. In determining whether to grant bond, the Immigration Judge shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the Immigration Judge shall consider Petitioner's ability to pay. The Immigration Judge shall also follow the Second Circuit's binding precedent as articulated in *Barbosa da Cunha* v. *Freden*, 175 F.4th 61 (2d Cir. 2026). Within 72 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the bond hearing. It shall also promptly order a transcript or recording of the hearing and file such on the docket. *See A.P.C.* v. *Genalo*, No. 26 Civ. 5827 (KPF), 2026 WL 2323423, at *2 (S.D.N.Y. Aug. 11, 2026) (ordering similar); *Rivas Reyes* v. *Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *2 (S.D.N.Y. June 12, 2026) (ordering similar); *Reyes* v. *King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *7 (S.D.N.Y. Aug. 20, 2021) ("Numerous district courts in the Second Circuit, including this Court, have consistently … h[e]ld that where, as here, the Government seeks to detain a noncitizen pending removal pursuant to § 1226(a), the Fifth Amendment Due Process Clause requires the Government to bear the burden of proving, by clear and convincing evidence, that such detention is justified." (alterations, internal quotation marks, and citation omitted)).

The Government is enjoined from exercising an automatic stay should the Immigration Judge determine that release on bond is appropriate. The Government is further enjoined from invoking 8 U.S.C. § 1225(b)(2) as a basis

for Petitioner's detention before the Immigration Judge or as grounds for an appeal to the BIA. The Court retains jurisdiction over this matter to ensure compliance with its Amended Order and, should it determine that its Amended Order has not been complied with, also retains jurisdiction to grant Petitioner the full relief he has sought (i.e., release).

SO ORDERED.

Dated: September 17, 2026
New York, New York

KATHERINE POLK FAILLA
United States District Judge